UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

——————————————————X

JULIUS LEE,

        Petitioner,

-against-

**ORDER**
05-CV-5706 (ARR)

SUPERINTENDENT,
Attica Correctional Facility,

        Respondent.

——————————————————X

ROSS, United States District Judge:

By order dated December 16, 2005, petitioner was directed to show cause by affirmation, within sixty (60) days, why his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 should not be dismissed as time-barred. Petitioner submitted an affirmation on January 17, 2006. Petitioner's affirmation fails to demonstrate that the instant petition is timely, and, therefore, the petition is dismissed as time-barred.

In its prior order, the Court noted that petitioner waited over three years after his conviction became final to file his habeas petition. Lee v. Superintendent, No. 05-CV-5706 (ARR), slip op. at 2 (E.D.N.Y. Dec. 16, 2005). The Court found the petition untimely despite petitioner's allegations that his appellate counsel provided deficient representation and that a medical condition prevented him from filing a timely petition. Id., slip op. at 2-4. Petitioner's affirmation provides additional arguments as to why the instant petition qualifies for equitable tolling. Nevertheless, the Court finds the petition untimely for the reasons articulated in its prior order.

After petitioner's conviction was upheld by the Appellate Division on June 19, 2001, People v. Lee, 285 A.D.2d 518 (2d Dep't 2001), and his appellate counsel Susan Marhoffer filed a leave request on July 30, 2001, which was eventually denied on December 17, 2001, People v.

Lee, 97 N.Y.2d 684 (2001), she sent petitioner a letter in which she informed him that she would no longer represent him. See Letter from Susan Marhoffer to Petitioner dated July 30, 2001, attached to Pet. According to petitioner, the letter demonstrates that "appellate counsel not only failed to advise him of what course of action to take, she abandoned her representation obligations at a stage of the appellate process that was critical to Petitioner in his immediate endeavor." Aff. ¶ 2.IV. Petitioner provides no other evidence of his appellate counsel's alleged wrongdoing.

As the Court held in its prior order, the Second Circuit, in general, "has found attorney error inadequate to create the 'extraordinary' circumstances equitable tolling requires." Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001) (per curiam) (citing Geraci v. Senkowski, 211 F.3d 6, 9 (2d Cir. 2000) (holding that a mistake by counsel as to the calculation of time remaining in which to file a petition for habeas relief did not constitute "extraordinary or unusual circumstances that would justify equitable tolling of the Act's one-year limitation period")). Accordingly, the Court still finds that the allegedly deficient representation of petitioner's appellate counsel does not rise to the level of egregious attorney misconduct warranting application of equitable tolling. Cf. Baldayaque v. United States, 338 F.3d 145, 152 (2d Cir. 2003) (concluding that the actions of an attorney who failed to file a petition for habeas corpus despite explicit directions to do so and otherwise violated numerous rules of professional conduct constituted extraordinary circumstances for purposes of equitable tolling).

Regarding his medical condition, petitioner alleges that he was (1) "[mis]diagnosed [sic] with having contracted Tuberculosis (TB), and was repeatedly and continuously confined to his cell ... on or about June 18, 2001;" (2) "blinded in his left eye and experienced blurred vision and partial blindness in his right eye" on or about August 3, 2001; and (3) confined to a "Special Housing Unit where [he] lost basic muscular control of his right arm." Aff. ¶¶ 2.I-III. Petitioner

2

further alleges that he was "continuously under medical isolation for prolonged periods on numerous occasions ... without his personal property" and was "subjected to several facility transfers ... without his property ... as well." Aff. ¶ 4.

As the Court held in its prior order, petitioner's allegations do not demonstrate that these health problems rendered him unable to pursue his legal rights during the one-year limitations period. See Cox v. Edwards, No. 02 Civ. 7067 (RWS), 2003 WL 22221059, at *3 (S.D.N.Y. Sept. 26, 2003) (concluding that the petitioner was not entitled to equitable tolling where he contended that he suffered from Grave's disease as well as mood and paranoia swings, and had been repeatedly hospitalized and given medication); Rhodes v. Senkowski, 82 F. Supp. 2d 160, 169-70 (S.D.N.Y. 2000) (concluding that the petitioner's extreme headaches, depression, hypertension, weight loss, a fungal infection, and an "atypical chest disorder" as a result of AIDS requiring three hospitalizations during the one-year limitations period did not justify tolling the statute of limitations, as the evidence presented did not show that the petitioner "could not pursue his legal rights throughout the entire one-year period on the basis of his physical and mental problems"). See also Simpson v. Greene, No. 03 Civ. 6323 (GEL), 2003 WL 22999489, at *2 (S.D.N.Y. Dec. 22, 2003) (petitioner not entitled to equitable tolling when he did not submit medical records or other documentation to substantiate his alleged mental incapacitation nor any evidence to make the required showing that he "acted with reasonable diligence throughout the period he seeks to toll") (quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)).

In addition, petitioner's solitary confinement and facility transfers due to his medical condition do not qualify him for equitable tolling. See Johnson v. Girdich, No. 03 Civ. 5086 (LBS), 2005 WL 427576, at *7 (S.D.N.Y. Feb. 23, 2005) ("confinement in a Special Housing Unit or in a generally isolated correctional facility, without more, [does not] qualif[y] as [] an extraordinary or exceptional circumstance"). See also Lindo v. Lefever, 193 F. Supp. 2d 659,

3

663 (E.D.N.Y. 2002) ("[t]ransfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances"); Asencio v. Senkowski, 2000 WL 1760908 at *2 n. 4 (S.D.N.Y. Nov. 30, 2000) (solitary confinement does not qualify as extraordinary circumstance) (citing Hizbullahankhamon v. Walker, 105 F. Supp. 2d 339, 344 (S.D.N.Y. 2000)).

Accordingly, petitioner's allegations do not establish that he is entitled to equitable tolling based on his medical condition.[1]

Conclusion

Accordingly, the instant petition is dismissed as time-barred. A certificate of appealability shall not issue because petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253 (c)(2); Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated:
Brooklyn, New York

---

[1] In any event, petitioner has not shown that he "acted with reasonable diligence throughout the period he seeks to toll." Smith, 208 F.3d at 17. Petitioner describes conditions which allegedly impeded his ability to file in June/August 2001, but the instant petition was not filed until December 1, 2005.

4